IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Steven deMoraes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NOTICE OF REMOVAL |
| v. | ) | |
| | ) | C.A. No._____ |
| Marriott International, Inc., Aetna Life Insurance Company, and Marriott International, Inc. Benefit Plan, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**TO:   The Honorable District Court of the United States for the District of South Carolina, Florence Division**

Marriott International, Inc. ("Marriott"), Marriott International, Inc. Long Term Disability Plan (incorrectly identified in the amended complaint as "Marriott International, Inc. Benefit Plan" (the "Plan") and Aetna Life Insurance Company ("Aetna"), (collectively "Defendants"), Defendants in the above-captioned matter, would respectfully show unto the Court as follows:

1)   Marriott, the Plan and Aetna are parties to a civil action brought against them in the Court of Common Pleas of Horry County entitled "Steven deMoraes, Plaintiff v. Marriott International, Inc., Aetna Life Insurance Company, and Marriott International, Inc. Benefit Plan, Defendants," Case No. 2013-CP-26-05277." This action was commenced by service of an Summons and Amended Complaint on counsel for Defendants on September 2, 2013. Copies of the Summons and Amended Complaint served on Defendants in this matter, as well as the executed Acceptance of Service, are attached hereto as Exhibit 1. No further proceedings have been had therein.

2)	Defendants are timely filing this Notice of Removal to the United States District Court for the District of South Carolina within 30 days of service of the Summons and Amended complaint on them.

3)	Defendants are entities organized and existing in states other than the State of South Carolina with their principal place of business in states other than South Carolina.

4)	Plaintiff is, upon information and belief, a citizen and resident of the State of South Carolina.

5)	Plaintiff asserts in the Amended Complaint that this action involves a claim for long term disability benefits allegedly due under the Plan. *See* Amended Complaint at ¶ 32.

6)	The Plan was established and maintained by Marriott and the benefits at issue are fully insured by Aetna. Marriott serves as the Plan Administrator for the Plan. *See* Amended Complaint at ¶¶ 2,3,4.

7)	Plaintiff asserts in the Amended Complaint that the Plan is a plan, fund or program established or maintained by an employee organization for the purpose of providing benefits for its participants or their beneficiaries. Amended Complaint ¶¶ 3,4,7. Therefore, it is subject to and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.* (ERISA).

8)	Plaintiff alleges he was employed by Marriott and was a participant in the Plan. *See* Amended Complaint at ¶¶ 6,7.

9)	Plaintiff's claims for benefits fall squarely within the purview of section 502(a)(1)(B) of ERISA, which provides that an ERISA plan participant or beneficiary may bring a civil action "to recover benefits due . . . under the terms of his plan, to enforce his rights under

the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

10)     The United States Supreme Court has held that the civil enforcement provisions of Section 502(a) of ERISA manifest "complete preemption" of this subject area and causes of action within the scope of ERISA's civil enforcement scheme are removable to federal court. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987).

11)     Plaintiff's claims are brought pursuant to Section 502(a) of ERISA and are therefore completely preempted by ERISA.  As such, Plaintiff's claims are within the original jurisdiction of the District Court of the United States pursuant to 28 U.S.C. § 1331.  Therefore, Plaintiff's Complaint is removable pursuant to 28 U.S.C. § 1441(b).  Any claims asserted by Plaintiff are preempted by ERISA and any remedy to which Plaintiff may be entitled is exclusively within the civil enforcement remedy of ERISA.

12)     Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

13)     A copy of this Notice of Removal, with accompanying exhibit, and a Notice of Filing of Notice of Removal are being served upon Plaintiff and will be filed with the Clerk of the Horry County Court of Common Pleas promptly after the filing of this Notice of Removal with this Court, in accordance with the provisions of 28 U.S.C. §1446(d).

WHEREFORE, Defendants pray that the above case now pending against them in the Court of Common Pleas for Horry County, South Carolina, be removed therefrom to this Court.

                                                            s/Jennifer E. Johnsen
                                                            Jennifer E. Johnsen (Fed. ID No. 5427)
Laura T. McDonald (Fed. ID No. 9285)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200
P.O. Box 10589
Greenville, SC  29603
(864) 271-9580
(864) 271-7502 (fax)

Greenville, SC

October 3, 2013

Attorneys for Defendants,
Marriott International, Inc., Aetna Life Insurance Company, and Marriott International, Inc. Benefit Plan

4